UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LINDA ACOSTA,

              Petitioner,

v.

JANE PARNELL,

              Respondent.

CASE NO. C15-5230 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 17), and Plaintiff Linda Acosta's ("Acosta") objections to the R&R (Dkt. 18).

On October 2, 2015, Judge Strombom issued the R&R recommending that the Court deny Acosta's petition on the merits and decline to issue a certificate of appealability. Dkt. 17. On October 16, 2015, Acosta filed objections. Dkt. 18.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

ORDER - 1

In this case, Acosta objects to Judge Strombom's conclusions on two of three grounds for relief and to the recommendation not to issue a certificate of appealability. First, Acosta objects to Judge Strombom's conclusion that Acosta's sentence does not violate the Eighth Amendment's protections against cruel and unusual punishment. Acosta, however, fails to show that the state court adjudication was objectively unreasonable or an unreasonable application of, or contrary to, clearly established federal law. The fact that the state court may not have followed the state sentencing procedures, RCW 9.94.A.010, does not show that the sentence violated federal law. Moreover, Acosta's assertion that the sentence is disproportionate to similar offenses in Oregon and California does not show a violation of federal law. Therefore, the Court adopts Judge Strombom's conclusion on Acosta's Eighth Amendment claim.

Second, Acosta argues that she was incompetent to enter a plea. The Court agrees with Judge Strombom that the trial court's finding of competency is a finding of fact entitled to a presumption of correctness. Moreover, the state appellate court's determination that one psychologist's letter is insufficient to undermine the trial court's finding is not a violation of federal law. Although Acosta contends that the psychologist opined that she "was incompetent to enter a plea at the time that she entered her guilty pleas" (Dkt. 18 at 3), the opinion does not reflect that conclusion. Dr. James Maney opined that "[b]y the time Ms. Acosta entered her guilty plea her ability to do so knowingly, voluntarily, and intelligently was impaired." Dkt. 12, Exh. 16, Exh. B at 6. An opinion that Acosta was "impaired" does not overcome the presumption of correctness given to the trial judge's finding that she was competent to enter a guilty plea.

Therefore, the Court adopts Judge Strombom's conclusion on Acosta's incompetency claim.

Finally, the Court agrees with Judge Strombom that the Court should not issue a certificate of appealability. While Acosta's constitutional rights are in question, reasonable jurists would not debate whether she has met the high bar for federal habeas relief. As such, there is no showing of the denial of a constitutional right.

Therefore, the Court having considered the R&R, Acosta's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Acosta's petition is **DENIED**;

(3) The Court denies a certificate of appealability; and

(4) This action is **DISMISSED**.

Dated this 21st day of January, 2016.

BENJAMIN H. SETTLE
United States District Judge